IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FROZEN WHEELS, LLC, <br><br> v. <br><br> POTOMAC VALLEY HOME MEDICAL, INC. | Civil Action No. CCB-20-2479 |

## MEMORANDUM

Now pending before the court is Potomac Valley's Motion for Dismissal and Default for lack of prosecution. Frozen Wheels is not represented by counsel and did not oppose Potomac Valley's Motion. No oral argument is necessary. *See* Local Rule 105.6. For the reasons that follow, the court will grant the Motion for Dismissal of the complaint and will issue a show cause order as to why default should not be entered.

## BACKGROUND

On August 4, 2023, Frozen Wheels' counsel submitted a status report explaining that settlement discussions between the parties had been unsuccessful and that "circumstances have caused undersigned counsel to give Frozen Wheels, LLC notice of intent to seek leave to strike his appearance as counsel of record in this action." Status Report, ECF 88. The motion for leave to withdraw was filed the same day. Mot. to Withdraw, ECF 89. The court granted the motion on August 14, 2023, ordered that Frozen Wheels retain new counsel by September 5, 2023, and ordered that another status report be submitted by October 6, 2023. Order, ECF 90; Paperless Order, ECF 91. On October 6, 2023, Potomac Valley submitted a status report affirming that Frozen Wheels had not retained new counsel. Status Report, ECF 92.

1

On October 23, 2023, Potomac Valley filed a motion for dismissal and default, arguing that Frozen Wheels had still not retained counsel and had therefore failed to prosecute the case. Mot. for Dismissal and Default, ECF 93-1.

## ANALYSIS

Local Rule 101.1(a) requires "all parties other than individuals [to] be represented by counsel." Local Rule 101.1(a). If counsel representing a partnership withdraws from representation, and "within thirty (30) days of the filing of the motion to withdraw, new counsel has not entered an appearance, the Court may take such action, if any, that it deems appropriate, including . . . dismissing any affirmative claim for relief asserted by the party and . . . directing the party to show cause why a default should not be entered on claims asserted against it." Local Rule 101.2(b); *see* Fed. R. Civ. P. 41, 55.

Frozen Wheels failed to retain new counsel within the thirty-day safe harbor provided by Local Rule 101.2(b). More than ninety days have now passed since Frozen Wheels' counsel was permitted to withdraw, and new counsel has still not entered an appearance. It is "readily apparent" that Frozen Wheels does not intend to continue to prosecute its claims or defend itself against Potomac Valley's counterclaims. *See E.E.O.C. v. CDG Mgmt., LLC*, No. RDB-08-cv-2562, 2010 WL 4904440, at *2 (D. Md. Nov. 24, 2010).[1] Therefore, the court will dismiss Frozen Wheels' claims. Local Rule 101.2(b); Fed. R. Civ. P. 41. Frozen Wheels will be ordered to show cause why a default should not be entered against it on Potomac Valley's counterclaims no later than fourteen days after the entry of this memorandum and order. *Id.*; Fed. R. Civ. P. 55.

---

[1] Unpublished opinions are cited for the soundness of their reasoning rather than any precedential value.

A separate order follows.

\_\_11/17/2023\_\_    _____/s/_____
Date    Catherine C. Blake
United States District Judge